IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00583-DDD-STV

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. REAL PROPERTY LOCATED AT 760 WEST BEAVER CREEK BOULEVARD, APT 111, AVON, COLORADO;
2. **REAL PROPERTY LOCATED AT 35 LOWER WOODBRIDGE ROAD, #P157, SNOWMASS VILLAGE, COLORADO;**
3. REAL PROPERTY LOCATED AT 35 UPPER WOODBRIDGE ROAD, #17AB, SNOWMASS VILLAGE, COLORADO;
4. REAL PROPERTY LOCATED AT 254 WREN COURT, #204, BASALT, COLORADO;
5. REAL PROPERTY AND ALL APPURTENANCES, ATTACHMENTS, AND FURNISHINGS THERETO LOCATED AT 6997 TREMOLITE DRIVE, CASTLE ROCK, COLORADO;
6. REAL PROPERTY LOCATED AT 2208 ELK LANE, BASALT, COLORADO;
7. 2021 FORD BRONCO, VIN: 1FMEE5DP9MLA90163;
8. 2022 CHEVROLET CORVETTE STINGRAY CONVERTIBLE, VIN: 1G1YB3D47N5121476;
9. 2022 PORSCHE TAYCAN SEDAN, VIN: WPOAA2Y18NSA16701;
10. 2023 CADILLAC ESCALADE, VIN: 1GYS4FKL1PR523454;
11. CRYPTOCURRENCY IN COINBASE ACCOUNT 594304c17d0b3d025a5ff785;
12. CRYPTOCURRENCY AT ADDRESS 0xAD71a7c34de9C27224386DAf370Ad4BdE7f7575D;
13. CRYPTOCURRENCY AT ADDRESS 0xbd08Bdea67fDB84dE8223513F70D9b9bE3C30580;
14. 2021 YAMAHA RAPTOR MODEL NUMBER YFM09RYXLW;
15. MISCELLANEOUS PAINTINGS LISTED IN ATTACHMENT A;
16. MISCELLANEOUS HERITAGE VINTAGE SPORT AUCTIONS ITEMS LISTED IN ATTACHMENT B;
17. $242,962.96 IN FUNDS FROM ALPINE BANK ACCOUNT 8911911837; and
18. $24,384.41 IN FUNDS FROM ALPINE BANK ACCOUNT 8911911951;

       Defendants.

---

### RENEWED OPPOSED MOTION FOR INTERLOCUTORY SALE AS TO DEFENDANT REAL PROPERTY 35 LOWER WOODBRIDGE ROAD, #P157, SNOWMASS VILLAGE, COLORADO

---

The United States, respectfully moves the Court to order the interlocutory sale of defendant 35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado (the "Property"), pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G(7)"). In support of this Motion, the United States submits the following:

### FACTUAL BACKGROUND

1. On March 1, 2024, the United States filed an Ex Parte *Verified Complaint for Forfeiture in Rem* in the instant civil action alleging, *inter alia*, that the Property was subject to forfeiture pursuant to forfeiture provisions of 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C). The complaint was filed at Level 2 Restriction pending the related criminal investigation. (ECF No. 3).

2. Also on March 1, 2024, the United States filed its Notice of *Lis Pendens* against the Property. (ECF No. 5).

3. The Property is more fully described as: CONDOMINIUM UNIT 157, BUILDING P, as shown on the Supplemental Condominium Map for SEASONS 4, appearing in the records of the County Clerk and Recorder of Pitkin County Colorado, in Plat Book 4 at Page 219, and as defined and described in the

2

Condominium Declaration for Seasons 4, appearing in such records in Book 256 at Page 230 as Reception No. 146257, as supplemented by First Supplemental Declaration to Seasons 4, appearing in such records in Book 279 at Page 955 as Reception No. 162526.

4. The Property was purchased by Prime JMXE LLC on March 4, 2022 for $950,000.00. Capital Fund I, LLC holds a Deed of Trust in the principal amount of $745,000.00.

5. On August 26, 2024, the United States provided Notice of the Complaint for Forfeiture to potential claimants. (ECF No. 17).

6. On September 17, 2024, the United States provided a Second Notice of the Complaint for Forfeiture to potential lienholders who may have a claim to the Property. (ECF No. 18).

7. The United States and Capital Fund I, LLC by and through its attorney Scott Toebben, executed a settlement agreement providing that upon entry of a final order of forfeiture, Capital Fund I, LLC would be paid, to the extent that there are sufficient proceeds from the sale of the Property, after the deduction of government expenses related to seizure, maintenance, custody, and disposal. Capital Fund I, LLC has delayed foreclosing the Property while this action is pending.

8. The United States and Seasons 4 Condominium Owners Association Inc. by and through its Treasurer Mike King, also executed a settlement agreement

3

providing that upon entry of a final order of forfeiture, Seasons 4 Condominium Owners Association Inc. would be paid, to the extent that there are sufficient proceeds from the sale of the Property after the deduction of government expenses related to seizure, maintenance, custody, and disposal.

9. Since the inception of the civil forfeiture action, Joshua Lybolt, owner of PRIME JMXE LLC has not paid on the Deed of Trust against the Property. All Deeds of Trust have been in default. Mr. Lybolt is also significantly behind on the Home Owner's Association fees for the Property.

10. As of October 10, 2024, the total amount due to Capital Fund I, LLC is over $895,034.75, delineated as follows:

  a. Unpaid principal balance is at least $745,000.00;

  b. All unpaid interest of $150,034.75 as of October 10, 2024;

11. As of October 1, 2024, the total amount due to Seasons 4 Condominium Association Inc. is over $23,063.03, delineated as follows:

  a. Unpaid principal balance is at least $23,063.03 for unpaid assessments and collection costs on the property;

  b. Any continuing unpaid assessments at $3,578.00 per quarter;

  c. Any unpaid fines for violations assessed by the Seasons 4 Condominium Owners Association; and

  d. Any unpaid interest at 8 percent per year plus any unpaid late fees of $25 per month.

12. On December 23, 2024, Martin Stuart, counsel for Joshua Lybolt filed an Answer to the Verified Complaint for Fofeiture and on January 7, 2025, filed a Claim for Defendant Assets #1-18. (Doc. 28 and 30). On January 7, 2025, Martin Stuart, counsel for Joshua Lybolt filed an Unopposed Motion to Stay for Defendant Assets #1-18. (Doc. 31). On January 8, 2025, the Court granted that Motion. (Doc. 34).

13. On March 10, 2025, Martin Stuart, counsel for Joshua Lybolt filed a Response to the [38] Motion for Order of Sale for Interlocutory Sale of 35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado, 37 Motion for Sale of Lower Woodbridge Road, #P157, Snowmass Village, Colorado. (Doc. 45).

14. On May 12, 2025, Martin Stuart, counsel for Joshua Lybolt filed a Motion to Supplement [45] Response to Motion by defendants Real Property Located at 35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado, Real Property Located at 35 Upper Woodbridge Road #17AB, Snowmass Village, Colorado. (Doc. 50).

15. On May 13, 2025, the Court held a Motion Hearing was held before Magistrate Judge Scott T. Varholak. The [37] and [38] Motions were denied without prejudice to allow the parties to negotiate a potential resolution regarding the interlocutory sales and the [50] Motion to Supplement the Response was granted. (Doc. 52).

5

16.     The parties were unable to agree on a proposed settlement regarding the interlocutory sales. Moreover, undersigned counsel conferred with the lienholder and HOA for the subject real property, who objected to any continued delay.

17.     The Property is not Claimant Lybolt's primary residence.  Moreover, Claimant Lybolt has not paid the Deed of Trust or the Homeowner's Association fees in several months and continues to accrue fees and costs despite admitting that he has earned income from the property.  An order for interlocutory sale will preserve the maximum value of the Property. Additionally, the representatives for the lienholders and Homeowner's Association feel like any further delay will continue to cause undue damage with no upside to them or the government.

18.     Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with Martin Stuart, counsel for Joshua Lybolt, who opposes the requested relief.  As stated below, this motion does not impact the stay of litigation in this matter; rather, it simply alters the nature of the defendant res.

## LEGAL ANALYSIS

Pursuant to Supplemental Rule G(7)(a), the Court may enter any order necessary to preserve property not in the government's actual possession and to prevent its removal or encumbrance.  Fed. R. C. P. Supp. R. Adm. & Mar. Cl. G(7)(a).  As provided in Supplemental Rule G(7)(b), the Court may order the property sold if the property is at risk of deterioration, decay, or injury; the property

is subject to a mortgage or to taxes on which the owner is in default; or for other good cause.  Fed. R. C. P. Supp. R. Adm. & Mar. Cl. G(7)(b).  Upon the Court's order, sale can be affected by a United States agency that has authority to sell the property and by the agency's contractor.  *Id.*  Sale proceeds are substituted as the *res* and are subject to forfeiture in place of the property that was sold, and "[t]he proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id.*

It is in the best interest of all parties, including Claimant Lybolt's, to sell the Property now rather than waiting for entry of a Final Order of Forfeiture, which can only be litigated after resolution of the related criminal case. Here, the lienholder has suffered a loss as a result of the claimant's failure to pay the monthly amounts due under the mortgage and to the Homeowner's Association. Upon sale of the Property, the outstanding mortgage and dues against the Property will be paid. Accordingly, an interlocutory sale of the Subject Property will allow the lender and Homeowner's Association to recoup its losses upon sale of the Property rather than at some time after a finding of guilt and sentencing. It is incumbent on the United States and this Court to minimize the harm suffered by the lienholder and Homeowner's Association and to sell the Property now in order to maximize the proceeds from the sale. An interlocutory sale of the Property will serve those purposes.

Further, pursuant to Rule G(7)(b)(iv), after payment to the lender and

Homeowner's Association, and other costs related to the sale of the Property, any proceeds realized from the sale of the Property will be held by the United States Marshals Service as substitute *res* pending entry of a Final Order of Forfeiture and will only be forfeited upon entry of a Final Order of Forfeiture. In short, an interlocutory sale of the Property liquidates the net equity in the Property so that it can be addressed later by the Court.

Finally, an interlocutory sale does not affect the Claimant's request for a stay because it merely seeks to exchange real property for sale proceeds to prevent the further deterioration of value. The parties are not attempting to litigate the merits of the case at this time.

Therefore, the United States requests an interlocutory sale under the following terms:

a) The United States Marshals Service ("USMS") be authorized to immediately market, sell, and dispose of the Property and all furnishings using the same policies, procedures, and methods it uses for the sale of forfeited assets;

b) The United States Marshals Service or its designee be authorized to enter the Property for the purpose of maintaining the property prior to its sale;

c) Claimant or his designated agent be ordered to remove all items of personal property, if any, excluding any landscaping and fixtures,

8

    located in and around Property that are not property subject to this forfeiture action be removed prior to sale at his expense prior to listing the property for sale. The claimant or his designated agent shall contact the United States to arrange a time to remove any personal property. Any personal property remaining in or at the Property after July 31, 2025, be ordered as abandoned by the claimant and authorized to be disposed of by the United States according to law;

d)   Claimant be ordered to ensure that tenants, if any, residing in the property: (1) cooperate with the United States Marshals Service or its designee during the marketing of the property for sale and the sales process and (2) have vacated the property by the time of closing pursuant to the tenant's rights under any existing and valid lease contract. If the tenants, if any, residing at the property fail to cooperate with the United States Marshals Service or its designee during the marketing of the property for sale and/or the sales process, authorize the United States Marshals Service or its designee may evict any such tenants after providing a 15-day notice of eviction.

e)   The USMS shall pay from, and up to the limit of, the gross proceeds of the sale of the Property with all furnishings, the following expenses in the order stated:

    1. First, to the payment of all expenses incurred in the seizure, custody, maintenance, security, and preparation of the Property for sale;

    2. Second, to the payment of all expenses incurred by the USMS in the sale of the Property which, in the discretion of the USMS, may include commissions, transfer taxes, recording fees, title insurance, surveys, and similar expenses of closing along with marketing expenses and disposal fees;

    3. Third, to the payment of any real property taxes assessed against the Property;

    4. Fourth, to the payment of any expenses customarily paid by the seller in the sale of real property (e.g. utilities, etc.); and

    5. Fifth, to the payment of any liens attached to and secured by the Property in the order of priority including, the liens of Capital Fund I, LLC and Seasons 4 Condominium Association Inc., secured by the Property;

f)     The balance of the gross proceeds of sale plus any cash assets associated with, or derived from, the sale of the Property (e.g. rent or forfeited earnest money deposits), after deducting the expenses from Paragraph b (the "Net Proceeds") shall be held by the USMS in the Department of Justice Seized Asset Deposit Fund. The Net Proceeds

    shall be a Substitute Res for the defendant property and, if the Property is found to have been forfeitable, the applicable Substitute Res shall be forfeited in lieu of the defendant Property. Should the Property be found not to be forfeitable, the associated Net Proceeds will be distributed as ordered by the Court;

g) Any and all claims to, arising from, or secured by, the Property shall, after the sale of the Property, be applied to, and payable, if at all, solely from, the Substitute Res associated with the Property.

h) Accordingly, the purchaser or purchasers of the Property with all furnishings shall take clear title free of any liens or claims which may have formerly been applicable to, payable from, or secured by the Property and all furnishings except that the purchaser's interest shall be subject to any easements, restrictions, and leases of record;

i) The USMS, without further order of the Court, be authorized to execute documents, transfer title, and to otherwise effect the transfer of all right, title, and interest to the Property to any purchaser thereof;

j) If, in the sole opinion of the United States Marshals Service, the sale of the Property will not raise sufficient gross proceeds to pay the amounts identified in paragraph b, it may abandon sale of the Property and shall notify the Court of its determination;

k)  Authorize the United States to record this order in the land records, indexed against the Property, and it may be relied upon by the public and title companies;

l)  Upon sale of the Property, the Lis Pendens recorded against 35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado shall be released by the United States.

WHEREFORE, the United States respectfully requests that this Court enter an order for an interlocutory sale of defendant 35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado with all furnishings.

DATED this 13th day of June 2025.

Respectfully submitted,

J. BISHOP GREWELL
Acting United States Attorney

*s/ Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
FAX: (303) 454-0402
E-mail: tonya.andrews@usdoj.gov
*Attorneys for Plaintiff*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

    I hereby certify that on this 13th day of June, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all parties of record.

                              *s/ Charisha Cruz*
                              Paralegal Specialist
                              Office of the U.S. Attorney