# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.  24–cv-00583-DDD-STV

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. REAL PROPERTY LOCATED AT 760 WEST BEAVER CREEK BOULEVARD, APT 111, AVON, COLORADO;
2. **REAL PROPERTY LOCATED AT 35 LOWER WOODBRIDGE ROAD, #P157, SNOWMASS VILLAGE, COLORADO;**
3. **REAL PROPERTY LOCATED AT 35 UPPER WOODBRIDGE ROAD, #17AB, SNOWMASS VILLAGE, COLORADO;**
4. REAL PROPERTY LOCATED AT 254 WREN COURT, #204, BASALT, COLORADO;
5. REAL PROPERTY AND ALL APPURTENANCES, ATTACHMENTS, AND FURNISHINGS THERETO LOCATED AT 6997 TREMOLITE DRIVE, CASTLE ROCK, COLORADO;
6. REAL PROPERTY LOCATED AT 2208 ELK LANE, BASALT, COLORADO;
7. 2021 FORD BRONCO, VIN: 1FMEE5DP9MLA90163;
8. 2022 CHEVROLET CORVETTE STINGRAY CONVERTIBLE, VIN: 1G1YB3D47N5121476;
9. 2022 PORSCHE TAYCAN SEDAN, VIN: WPOAA2Y18NSA16701;
10. 2023 CADILLAC ESCALADE, VIN: 1GYS4FKL1PR523454;
11. CRYPTOCURRENCY HELD IN COINBASE ACCOUNT 594304c17d0b3d025a5ff785;
12. CRYPTOCURRENCY AND NFTS HELD IN ADDRESS 0xAD71a7c34de9C27224386DAf370Ad4BdE7f7575D;
13. CRYPTOCURRENCY AND NFTS HELD IN ADDRESS 0xbd08Bdea67fDB84dE8223513F70D9b9bE3C30580;
14. 2021 YAMAHA RAPTOR MODEL NUMBER YFM09RYXLW;
15. MISCELLANEOUS PAINTINGS LISTED IN ATTACHMENT A;
16. MISCELLANEOUS HERITAGE VINTAGE SPORT AUCTIONS ITEMS LISTED IN ATTACHMENT B;
17. APPROXIMATELY $242,962.96 IN FUNDS FROM ALPINE BANK ACCOUNT 8911911837; and
18. APPROXIMATELY $24,384.41 IN FUNDS FROM ALPINE BANK ACCOUNT 8911911951.

    Defendants.

**RESPONSE TO PLAINTIFF'S RENEWED MOTION FOR INTERLOCUTORY SALE AS TO CLAIMANT'S REAL PROPERTY 35 LOWER WOODBRIDGE ROAD #P157, SNOWMASS VILLAGE, COLORADO, AND 35 UPPER WOODBRIDGE ROAD #17AB, SNOWMASS VILLAGE, COLORADO**

Now comes Claimant Joshua Lybolt, by and through Martin Stuart of Stuart & Ward LLP, and respectfully responds in opposition to both of the Plaintiff's Renewed Motions for Interlocutory Sale (Documents 53 and 54) in the above captioned matter. In support of this Objection, Claimant Lybolt states as follows:[1]

### BACKGROUND & PROCEDURAL POSTURE

1.   On March 1, 2024, a verified complaint for forfeiture *in rem* was filed in the instant case.

2.   On June 27, 2024, Mr. Lybolt was charged in United States District Court for the District of Colorado in case 24-cr-00212-DDD with 5 counts of wire fraud pursuant to 18 U.S.C. § 1343, and 8 counts of money laundering pursuant to 18 U.S.C. § 1957. The defendant properties in the instant case are alleged to be connected to the scheme in the criminal case.

3.   The Plaintiff's motions (Doc. 53 and 54) incorrectly state that on December 23, 2024, undersigned counsel filed an Answer to the Verified Complaint for Fofeiture [*sic*] for Mr. Lybolt. (Doc. 53, p. 5, ¶12 and doc. 54, p. 5, ¶12). The December 23rd filing was *pro se* by Mr. Lybolt to preserve his rights and avoid prejudicing his defense. (Doc. 28). He explained that he "[had] not yet retained counsel" but was actively "seek[ing] appropriate legal representation" and "expressly reserv[ing] the right

---
[1] Also referred to interchangeably as "the government" in this pleading.

2

to amend [his] answer and assert additional defenses upon further review of the case and consultation with counsel." (Doc 28, p. 3).

4. Undersigned counsel did not submit an entry of appearance until January 2, 2025. (Doc. 29). On January 7, 2025, Claimant Lybolt, by and through counsel, filed a claim for all defendant properties in the instant case. (Doc. 30).

5. Also on January 7, 2025, Mr. Lybolt filed an unopposed request for this Court to stay proceedings in the instant matter pending resolution of his criminal case. (Doc. 31). AUSA Andrews did not object to Claimant Lybolt's request for a stay. (Doc. 31, p. 3, ¶ 4). This Court granted the request for a stay on January 8, 2025. (Doc. 34).

6. On February 20, 2025, the Plaintiff filed two Opposed Motions for Interlocutory Sale as to Defendant Real Property – Document 53 regarding address 35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado, and Document 54 regarding 35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado.

7. On May 13, 2025, after hearing argument, the Court denied the government's motions without prejudice and the Court encouraged the parties to attempt to resolve the issues.

8. On June 13, 2025, the Plaintiff refiled its motions for interlocutory sales.

## **AUTHORITY & ARGUMENT**

9. It is within this Court's discretion to order all or part of the defendant property sold if, a) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; b) the expense of keeping the property is excessive or is disproportionate to its fair market value; c) the property is subject to a

3

mortgage or to taxes on which the owner is in default; or, d) the Court finds other good cause. Fed. R. C. P. Supp. R. Adm. & Mar. Cl. G(7)(b)(i)(A–D).

10. This Court should exercise its discretion to deny the government's request for interlocutory sale of the properties. The properties listed in the government's motions for interlocutory sales (35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado and 35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado (hereinafter referred to as "the Properties")) (Doc. 53-54), are not at risk of deterioration, decay, or injury. If this Court were to deny the government's request to sell the Properties interlocutory, the fair market value would not depreciate.

11. This Court cannot enter an order for an interlocutory sale of the Properties and simultaneously honor the stay of litigation it has already granted. It should deny the government's request and uphold the stay previously ordered.

***There Is No Risk of Deteriorating Value.***

12. There is no difference nor benefit to any party, whether government, claimant, lender(s), or Home Owner's Association ("HOA"), in recouping their losses through an immediate interlocutory sale as opposed to waiting until after resolution of the criminal matter. The property the Plaintiff requests be subject to interlocutory sale does not face any deterioration of value as time goes on, nor has the government explained how it suspects the Properties' value will depreciate if not sold interlocutory. Instead, the government simply states, "an order for interlocutory sale will preserve maximum value of the Property." (Doc. 53-54, Renewed Opposed Motions for Interlocutory Sale).

4

13.     Interlocutory sale will not maximize proceeds; immediate will be futile because the net equity of the property is the same regardless. The value of the property will remain consistent should the property be sold to satisfy a potential future judgment.

14.     The Plaintiff argues that because Mr. Lybolt "has not paid the Deed of Trust or HOA fees in several months and continues to accrue fees and costs," that an order for interlocutory sale is necessary to preserve the maximum value of the property. (Doc. 54, p. 5). The government's argument is circular, presenting no explanation for how or why the value of the property will diminish if the government waits to pursue forfeiture. The government presents no valid justification for an interlocutory sale now instead of after Mr. Lybolt's criminal case is resolved.

15.     Cases where interlocutory forfeiture sales have been granted included a showing by the government as to *how* the equity would be depleted over time unless the forfeiture sale happened now. See, e.g., United States v. Lot 41, Berryhill Farm Estates, 128 P.3d 1386, 1390 (10th Cir. 1997) (finding interlocutory forfeiture properly granted where government, in support of its motion, indicated that the defendant had begun serving a life sentence and had a clear and literal inability to make the mortgage payments, leaving the debts to accrue and threaten to impair the equity in the property); U.S. v. Guzman, No. 3:08-cr-00023-2, 2013 U.S. Dist. LEXIS 206471, at *6–7, 2013 WL 12228400 at *2 (M.D. Tenn. Oct. 7, 2013) (government presented evidence that the value of the property was $16,500 less than the amount paid for storage and maintenance of the property itself); U.S. v. One 1979 Peterbilt, CIVIL ACTION NO. 93-1166 SECTION "L" ("B"), 1994 U.S. Dist. LEXIS 3468 at *3, 1994 WL 99540, *2 (E.D. La. Mar. 17, 1994) (granting motion for interlocutory sale because of depreciating value

5

of the vehicle, expense of storing the vehicle, and interest accumulating at 17% per year).

16.     The government has not presented evidence that the Properties face continued depreciation in value. An interlocutory sale will not preserve its remaining value. Whether either property is sold now or later, it will not affect the value of the property.

17.     Plaintiffs state that their proposed interlocutory sale "merely seeks to exchange real property for sale proceeds." (Doc. 54, p. 7). The Plaintiffs state that any proceeds from the sale of the Property will be held as substitute *res* pending entry of Final Order of Forfeiture, and that "proceeds" are realized *after* payment to the lender and the HOA. (Doc 54, p. 7); citing to Fed. R. C. P. Supp. R. Adm. & Mar. Cl. G(7)(b)(iv). These payments do not and will not diminish the value of the Property ("Net Proceeds") sought to be held as substitute res.

***The Stay of the Proceedings Exists In Order to Preserve and Protect Mr. Lybolt's Constitutional Rights Against Self-Incrimination, to Due Process, and to a Fundamentally Fair Proceeding.***

18.     The stay was granted in order to pause the proceedings in the instant matter pending resolution of Mr. Lybolt's related criminal case. All of the factors supporting the maintenance of the stay previously granted by this Court are still in place.

19.     It is important to maintain the policy behind the stay and preserve Mr. Lybolt's constitutional rights against self-incrimination, to due process, and to a fundamentally fair proceeding. The stay prevents forging forward with forfeiture proceedings, even interlocutory ones, with procedures that will ultimately cause a

conflict between his legal obligations in the instant matter and his rights in the pending criminal case. See 18 U.S.C. § 981(g)(2). The stay must be maintained to maintain the preservation of Mr. Lybolt's rights in this manner.

20.     The government did not object to Mr. Lybolt's request for a stay, and, based on the language in its motions, apparently does not seek to dismantle it now. The government argues that this Court can both grant the request for interlocutory sale and maintain the stay of litigation in this matter. (Doc. 54, p. 5, ¶ 14) ("[T]his motion does not impact the stay of litigation in this matter; rather, it simply alters the nature of the defendant res.").

21.     But the government's proposed interlocutory forfeiture affects Mr. Lybolt's stay on the proceedings and undermines his right not to incriminate himself in the pending criminal proceeding.

22.     The two properties sought for interlocutory sale (35 Lower Woodbridge Rd. (Doc. 53) and 35 Upper Woodbridge Rd. (Doc. 54)) are central to the criminal charges prosecuted by the government against Mr. Lybolt:

> Defendant 35 Lower Woodbridge Road was purchased with $950,303.84 of proceeds traceable to the fraudulently obtained SBA[2] EIDL loans[3], and constitutes property involved in money laundering.

(ECF No. 3, Verified Complaint, p. 58, ¶ 260).

> On April 27, 2022, $50,000.00 was wire transferred from Bank of America Account… to Land Title Guarantee Company for the earnest money deposit towards the purchase of Defendant 35 Upper Woodbridge Road. The source of the funds is the $1,500,000.00 SBA EIDL loan for A Prime Real Estate LLC that was deposited into Bank of America Account [on] January 18, 2022,

---

[2] U.S. Small Business Administration.
[3] Economic Injury Disaster Loan [Program].

and then transferred to Bank of America Account [on] January 24, 2022…
35 Upper Woodbridge Road was purchased with $478,920.92 of proceeds
traceable to the fraudulently obtained SBA EIDL loans, and constitutes
property involved in money laundering.

(ECF No. 3, Verified Complaint, p. 58–59, ¶ 261, 266).

23. The three conditions to continue the stay under 18 U.S.C. § 981(g)(2) are met here: a) the claimant, Mr. Lybolt, is the subject of a related criminal investigation or case; b) the claimant, Mr. Lybolt, has standing to assert a claim in this civil forfeiture proceedings; and, c) continuation of this forfeiture proceeding will burden Mr. Lybolt's right as the claimant against self-incrimination in the related investigation or case. 18 U.S.C. § 981(g)(2) directly instructs this Court to continue a stay if all three conditions are satisfied, as they are here.

**The Authority to Order Sale of Property Subject to Defaulted Mortgage or Taxes is Narrowly Confined.**

24. Although Rule G(7)(b)(i)(C) recognizes the authority to order sale of property subject to a defaulted mortgage or defaulted taxes, this authority is narrowly confined to mortgages and tax liens. Fed. R. C. P. Supp. R. Adm. & Mar. Cl. G(7)(b)(i)(C), cmt. Subdivision (7), n. para.(b) (Comm. Notes on Rules—2006). "Other lien interests may be addressed, if at all, only through the general good-cause provision. The court must carefully weigh the competing interests in each case." Id. Being "significantly behind on the Homeowner's Association Fees for the Property," is not the same as the "default" as defined by G(7)(a). (Doc. 53, p. 4). Other debts must be held to the same narrowly confined standard.

**Mr. Lybolt Has Preserved His Claims and Objections.**

8

25. Mr. Lybolt preserved his claims and objections, first when he reserved the right to amend and assert additional claims in his December 23, 2024 filing (Doc. 28, p. 3), and again when he requested and was granted a stay on the proceedings. (Doc. 34).

## **CONCLUSION**

26. The government gives no compelling reason to depart from the standard practice of deferring litigation on forfeiture until the criminal prosecution of Mr. Lybolt is resolved. This Court should exercise its discretion to deny the government's motion for interlocutory sale. There is no evidence that the Properties will depreciate in value if sold after the disposition of the criminal proceeding as opposed to now. Granting the interlocutory forfeiture will constrain Mr. Lybolt's ability to properly defend himself in both this proceeding and the pending criminal case. The government's request for interlocutory sale is not compatible with the policy behind the stay that this Court has already ordered.

27. This Court should exercise its sound discretion and decline to grant the government's request for interlocutory sale of the Properties.

**WHEREFORE**, Joshua Lybolt respectfully requests that this Honorable Court exercise its discretion under Fed. R. C. P. Supp. R. Adm. & Mar. Cl. G and deny Plaintiffs' motions for interlocutory sales as to Defendant Real Property 35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado (Doc. 53), and Defendant Real Property 35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado (Doc. 54).

Respectfully submitted,

Dated: June 26, 2025

                    By: s/Martin Stuart
                        MARTIN STUART, *counsel for Mr. Lybolt*
                        Stuart & Ward, LLP
                        140 E. 19th Ave., Suite 300
                        Denver, CO 80203
                        Phone 303-832-8888
                        mstuart@stuartwardlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of June 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/ Martin Stuart
Martin Stuart