IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00583-DDD-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. REAL PROPERTY LOCATED AT 760 WEST BEAVER CREEK BOULEVARD, APT. 111, AVON, COLORADO; ET AL.,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This civil action is before the Court on Plaintiff's Renewed Opposed Motion for Interlocutory Sale as to Defendant Real Property 35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado (the "P157 Motion") [#53] and Plaintiff's Renewed Opposed Motion for Interlocutory Sale as to Defendant Real Property 35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado (the "17AB Motion") [#54] (collectively, the "Motions"). The Motions have been referred to this Court. [#55] This Court has carefully considered the Motions and related briefing, the entire case file, and the applicable case law, as well as oral argument conducted on July 21, 2025 [#62]. For the following reasons, the Court respectfully **RECOMMENDS** that the Motions be **GRANTED**.

**I.    BACKGROUND**

Plaintiff, the United States, commenced this civil forfeiture action, pursuant to 21 U.S.C. § 881 and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims

1

and Asset Forfeiture Actions, seeking forfeiture of various assets, including real property, vehicles, and monetary property. [#3] The forfeiture complaint alleges that Joshua Lybolt obtained nearly $5 million in COVID relief funds, falsely representing to the United States Small Business Administration ("SBA") that businesses that were in bankruptcy and purportedly closed were, in fact, still operating. [*Id.* at ¶¶ 4, 16-17] The complaint alleges that Mr. Lybolt filed false tax returns to conceal the scheme and then diverted the fraudulent COVID relief funds to his personal accounts. [*Id.* at ¶ 20] The complaint traces the allegedly fraudulently obtained funds to the Defendant assets. [*Id.* at ¶¶ 171-339] On January 8, 2025, this Court granted a motion to stay and has stayed the forfeiture proceedings pending Mr. Lybolt's criminal prosecution. [#34] Trial in Mr. Lybolt's criminal prosecution is set for December 1, 2025. *See United States v. Lybolt*, 24-cr-00212-DDD.

Defendant Real Property 35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado (the "P157 Property") and Defendant Real Property 35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado (the "17AB Property") form the basis for the instant Motions. [##53, 54; *see also* #3 at ¶¶ 254-66] The Complaint alleges that these Defendant assets were obtained by Mr. Lybolt with the fraudulently obtained COVID relief funds. [#3 at ¶¶ 254-66] On June 13, 2025, the United States filed the instant Motions. [##53, 54] In the P157 Motion, the United States asserts that the P157 Property is subject to an unpaid mortgage balance, Mr. Lybolt has not paid on the Deed of Trust on the P157 Property, all Deeds of Trust on that property are in default, and Mr. Lybolt is also significantly behind on the condominium association fees for that property. [#53 at ¶¶ 9-11] In the 17AB Motion, the United States asserts that the 17AB Property is subject to

2

an unpaid mortgage balance, Mr. Lybolt has not paid on the Deed of Trust on the 17AB Property, all Deeds of Trust on that property are in default, and Mr. Lybolt is also significantly behind on the condominium association fees for that property.[1]  [#54 at ¶¶ 9-11]  Mr. Lybolt has responded to the Motions [#57] and the United States has replied [#58].

## II.    Analysis

Pursuant to Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court may order all or part of a property seized for forfeiture sold if:

(A)    the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

(B)    the expense of keeping the property is excessive or is disproportionate to its fair market value;

(C)    the property is subject to a mortgage or to taxes on which the owner is in default; or

(D)    the court finds other good cause.

Fed. R. Civ. P., Suppl. Adm. R. G(7)(b)(i).  When one of these conditions is met, a district court has discretionary authority to order an interlocutory sale.  *United States v. Any & All Funds in UBS AG*, Acct. No. XXXX1138, 628 F. App'x 296, 297 (5th Cir. 2016); *United States v. Real Prop. & Residence Located at 4816 Chaffey Lane*, 699 F.3d 956, 962 (6th Cir. 2012).  In exercising that discretion, the "judge can range widely in deciding what factors to consider, and what weight to give them, in making his ruling. He has, in other

---

[1] In his response, Mr. Lybolt does not dispute these assertions.  [#57 at ¶ 24]

3

words, considerable discretion." *Acct. No. XXXX1138*, 628 F. App'x at 297 (quoting *United States v. Approximately 81,454 Cans of Baby Formula,* 560 F.3d 638, 641 (7th Cir. 2009)).

Here, there is no real dispute that the properties at issue in the Motions are each subject to a mortgage on which the owner is in default.[2]  As of October 2024, Mr. Lybolt owes: (1) $900,034.75 in unpaid principal and interest to Capital Fund I, LLC for the mortgage on the P157 Property [#53 at ¶ 10]; (2) $23,063.03 for unpaid assessments and collections to the condominium association for the P157 Property [*id.* at ¶ 11]; (3) $920,570.28 in unpaid principal and interest to Selene Finance LP for the mortgage on the 17AB Property [#54 at ¶ 10]; and (4) $23,035.57 for unpaid assessments and collections to the condominium association for the 17AB Property [*id.* at ¶ 11].  In any other context, a homeowner who did not pay his mortgage would have his home subject to foreclosure and Mr. Lybolt has not offered any persuasive reason for why he should be treated differently simply because his assets are in forfeiture proceedings.

Instead, Mr. Lybolt argues that the United States has not shown that the property will depreciate and, as a result, the Motions should be denied.  [#54 at ¶¶ 12-17].  But Supplemental Rule G(7)(b)(i) does not require a showing of depreciation—it permits an interlocutory sale if *either* the property is at risk of deterioration or decay *or* the property is subject to a mortgage that is in default.  That latter condition is present here.

---

[2] Mr. Lybolt briefly argues that Rule G(7)(b)(i)(C) is limited to defaulted mortgages or taxes, but does not dispute that both properties are subject to a mortgage which is in default because Mr. Lybolt has not paid upon the principal or interest due.  [#57 at ¶ 24]

4

Presumably, as suggested during oral argument, Mr. Lybolt wishes to keep the properties because property values in the area are increasing and Mr. Lybolt seeks to benefit from that increase if he is ultimately successful in his criminal proceedings and these forfeiture actions. But, once again, no homeowner outside of foreclosure proceedings could refuse to make mortgage and homeowner association payments, yet still reap the benefits of increased housing prices. If Mr. Lybolt were making his mortgage payments, there would not be any basis for the instant Motions.

Finally, Mr. Lybolt argues that allowing the intermediate sale would violate the stay that was imposed in this action. [#24 at ¶¶ 18-23] But interlocutory sales pursuant to Supplemental Rule G(7)(b)(i) are permitted even when the foreclosure proceedings have been stayed, provided the sale comports with 18 U.S.C. § 981(g)(6). *4816 Chaffey Lane*, 699 F.3d 961-62. And Section 981(g)(6) provides: "Whenever a civil forfeiture proceeding is stayed pursuant to this subsection, the court shall enter any order necessary to preserve the value of the property or to protect the rights of lienholders or other persons with an interest in the property while the stay is in effect." Here, Mr. Lybolt has not presented any evidence that an interlocutory sale will diminish the value of the property or injure the rights of lienholders or others with an interest in the property. Thus, an interlocutory sale will not violate Section 981(g).

Simply put, Mr. Lybolt has stopped making payments on the mortgages and payments to the condominium associations. The mortgage holders are thus deprived of payments due and the other condominium owners must bear Mr. Lybolt's share of the joint condominium costs. And "[Mr. Lybolt] has no right to the [P157 Property and the

5

17AB Property themselves]. At best, [he] would have a right to any proceeds remaining after the note [and other financial obligations are] paid and that right has no bearing on whether the [P157 Property and the 17AB Property] should be sold." *4816 Chaffey Lane*, 699 F.3d at 961. Thus, in its discretion, the Court respectfully RECOMMENDS that the Motions be GRANTED.

## III.   CONCLUSION

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Renewed Opposed Motion for Interlocutory Sale as to Defendant Real Property 35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado [#53] and Plaintiff's Renewed Opposed Motion for Interlocutory Sale as to Defendant Real Property 35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado [#54] be **GRANTED**.[3]

---

[3] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (concluding that district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see,*

DATED: September 4, 2025                    BY THE COURT:

                                                                          s/Scott T. Varholak
                                                                          SCOTT T. VARHOLAK
                                                                          United States Magistrate Judge

---

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).