# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 24–cv-00583-DDD-STV

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. REAL PROPERTY LOCATED AT 760 WEST BEAVER CREEK BOULEVARD, APT 111, AVON, COLORADO;
2. **REAL PROPERTY LOCATED AT 35 LOWER WOODBRIDGE ROAD, #P157, SNOWMASS VILLAGE, COLORADO;**
3. **REAL PROPERTY LOCATED AT 35 UPPER WOODBRIDGE ROAD, #17AB, SNOWMASS VILLAGE, COLORADO;**
4. REAL PROPERTY LOCATED AT 254 WREN COURT, #204, BASALT, COLORADO;
5. REAL PROPERTY AND ALL APPURTENANCES, ATTACHMENTS, AND FURNISHINGS THERETO LOCATED AT 6997 TREMOLITE DRIVE, CASTLE ROCK, COLORADO;
6. REAL PROPERTY LOCATED AT 2208 ELK LANE, BASALT, COLORADO;
7. 2021 FORD BRONCO, VIN: 1FMEE5DP9MLA90163;
8. 2022 CHEVROLET CORVETTE STINGRAY CONVERTIBLE, VIN: 1G1YB3D47N5121476;
9. 2022 PORSCHE TAYCAN SEDAN, VIN: WPOAA2Y18NSA16701;
10. 2023 CADILLAC ESCALADE, VIN: 1GYS4FKL1PR523454;
11. CRYPTOCURRENCY HELD IN COINBASE ACCOUNT 594304c17d0b3d025a5ff785;
12. CRYPTOCURRENCY AND NFTS HELD IN ADDRESS 0xAD71a7c34de9C27224386DAf370Ad4BdE7f7575D;
13. CRYPTOCURRENCY AND NFTS HELD IN ADDRESS 0xbd08Bdea67fDB84dE8223513F70D9b9bE3C30580;
14. 2021 YAMAHA RAPTOR MODEL NUMBER YFM09RYXLW;
15. MISCELLANEOUS PAINTINGS LISTED IN ATTACHMENT A;
16. MISCELLANEOUS HERITAGE VINTAGE SPORT AUCTIONS ITEMS LISTED IN ATTACHMENT B;
17. APPROXIMATELY $242,962.96 IN FUNDS FROM ALPINE BANK ACCOUNT 8911911837; and
18. APPROXIMATELY $24,384.41 IN FUNDS FROM ALPINE BANK ACCOUNT 8911911951.

        Defendants.

**CLAIMANT LYBOLT'S REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE VARHOLAK'S RULING ON MOTION FOR INTERLOCUTORY SALES [DOCS. #53 AND #54]**

**I.   INTRODCUTION**

Claimant Joshua Lybolt submits this Request for Reconsideration of Hon. Magistrate Judge Varholak's recommended ruling granting Plaintiff's, the United States, motions for interlocutory sales of two properties subject to this civil forfeiture action. The Magistrate Judge's ruling on the Plaintiff's motion was served on September 4, 2025 (see Doc. 63), and thus this Request for Reconsideration is timely filed pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

On March 1, 2024, Plaintiff, the United States, filed a complaint seeking forfeiture of several real estate properties and other items owned by Claimant Lybolt. [Doc. 17]. On June 27, 2024, the Government charged Mr. Lybolt and his wife in a thirteen count indictment alleging wire fraud and money laundering. See United States v. Lybolt, 24-cr-00212-DDD.[1] The indictment also contained a forfeiture allegation pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 USC § 2461(c) which would arguably cover all properties named in this civil forfeiture action. Id. On November 25, 2024, the Plaintiff entered into stipulated expedited settlement agreements (agreements) with Selene Finance LP (Selene) which is the lien holder of both subject properties.  As part of the

---

[1] Undersigned counsel does not represent Mr. Lybolt on his related criminal case.  A jury trial is scheduled for the criminal case to begin on December 1, 2025.

agreements Selene agreed "not to pursue any foreclosure actions under the Deed of Trust while this action is pending." See Attachment "A".

On January 7, 2025, Claimant Lybolt filed an unopposed motion to stay proceedings due to his pending criminal indictment. [Doc. 31] On January 8, 2025, Magistrate Judge Varholak granted Claimant Lybolt's motion and stayed proceedings in this case pending the resolution of his related criminal case. [Doc. 34]

On February 20, 2025, Plaintiff filed a motion for interlocutory sales of Claimant Lybolt's properties 35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado [Doc. #38] and 35 Lower Woodbridge Road, #P157, Snowmass Village, Colorado [Doc. #37].  On March 10, 2025, Claimant Lybolt filed a response in opposition. [Doc. 45]. Claimant Lybolt argued that there was no risk of deterioration or decay of the properties, and that there was more than sufficient equity in the properties to pay any back mortgage payments, taxes, and condominium association dues if necessary. Therefore, Claimant Lybolt urged the Magistrate Judge to exercise his discretion and await the resolution of his related criminal case instead of proceeding with interlocutory sales.

On May 13, 2025, a hearing was held on the Plaintiff's motions. Claimant Lybolt supplemented his written response in opposition by arguing that should he be found not guilty or his criminal indictment be otherwise dismissed, he would suffer irreparable harm from interlocutory sales due to being deprived of the widely expected appreciation of properties.[2] See Supplement to Response in Opposition [Doc. 50].

---

[2] A recent sale of the largest hotel in Snowmass Village has fueled a widely expected increase in property values for residences surrounding the area which includes the location of Defendant's subject properties.

At the suggestion of Magistrate Judge Varholak, the Plaintiff withdrew their motions, and the parties attempted to resolve the issue by agreement. Having failed to come to an agreement, the Plaintiff refiled their motions for interlocutory sales on June 13, 2025. [Docs. # 53 and 54]. A brief hearing was held on July 21, 2025, on Plaintiff's renewed motions. On September 4, 2025, Magistrate Judge Varholak issued a recommendation to grant Plaintiff's motions. [Doc. 63]

Pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. 72(b), within fourteen days of service of a magistrate judge's recommendation, any party may file a written objection. If the objection raises specific issues and is more than a general objection, the district court's review is *de novo*. United States v. 2121 East 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996). Claimant Lybolt's instant motion satisfies these requirements and therefore the foregoing argument is entitled to a *de novo* review from this court.

## II.   ARGUMENT

Rule G(7)(b)(i) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions allows for property seized for forfeiture to be sold if:

>   (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
>
>   (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
>
>   (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
>
>   (D) the court finds other good cause.

Fed. R. Civ. P., Suppl. Adm. R. G(7)(b)(i).

Although, the interlocutory sales under this section are not mandatory and the district court has a wide degree of latitude in deciding what factors to give weight in making its decision to grant or deny interlocutory sales. <u>Approx.81,454 Cans of Baby Formula</u>, 560 F.3d 638 (7th Cir.2009). Here the primary lien holder, Selene, has voluntarily entered into a stipulation with the Plaintiff to wait until this forfeiture action is resolved before foreclosing on the subject properties.  Further, the Plaintiff has argued in pleadings and before the Magistrate Judge that one of the most important, if not the most important, reason for interlocutory sales are the unpaid condominium association dues. As Claimant Lybolt argued in his motion in opposition to the interlocutory sales, Rule G(7)(b)(i)(C) recognizes the authority to order the sale of property subject to a defaulted mortgage or defaulted taxes, but this authority is narrowly confined to mortgages and tax liens. Fed. R. C. P. Supp. R. Adm. & Mar. Cl. G(7)(b)(i)(C), cmt. SUBDIVISION (7), n. para.(b) (Comm. Notes on Rules—2006). "Other lien interests may be addressed, if at all, only through the general good-cause provision. The court must carefully weigh the competing interests in each case." <u>Id</u>. Being "significantly behind on the Homeowner's Association Fees for the Property," is not the same as the "default" as defined by G(7)(a). (Doc. 37, p. 4). Other debts must be held to the same narrowly confined standard.   Magistrate Judge Varholak repeatedly cited Claimant Lybolt's "refus[al] to make…. homeowner association payments" as a basis for the Magistrate Judge's ruling. <u>See</u> Recommendation of United States Magistrate Judge at p. 5.

**III.    CONCLUSION**

The Magistrate Judge gave substantial weight to two factors: (1) the unpaid assessments and default status of mortgages on the two subject properties, and (2) the unpaid assessments and condominium fees.  Claimant Lybolt urges the Court to exercise its discretion by giving more weight to the fact that Claimant Selene has already agreed to wait for resolution of the forfeiture action before foreclosing on the properties in question.  Claimant Lybolt also urges the Court to find that unpaid assessments and condominium association fees do not form a properly the basis for interlocutory sales. Finally, Claimant Lybolt urges the Court to place substantial weight on the fact that granting interlocutory sales before Claimant Lybolt's criminal matter resolves could deprive him of the benefit of the subject properties' continuing appreciation.

Respectfully submitted,

Dated: September 18, 2025

By: s/Martin Stuart
 MARTIN STUART, *counsel for Mr. Lybolt*
 Stuart & Ward, LLP
 140 E. 19th Ave., Suite 300
 Denver, CO 80203
 Phone 303-832-8888
 mstuart@stuartwardlaw.com

## CERTIFICATE OF SERVICE

   I hereby certify that on this 18th day of September 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/ Martin Stuart
Martin Stuart