ATTACHMENT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00583-DDD-STV

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. REAL PROPERTY LOCATED AT 760 WEST BEAVER CREEK BOULEVARD, APT 111, AVON, COLORADO;
2. REAL PROPERTY LOCATED AT 35 LOWER WOODBRIDGE ROAD, #P157, SNOWMASS VILLAGE, COLORADO;
3. **REAL PROPERTY LOCATED AT 35 UPPER WOODBRIDGE ROAD, #17AB, SNOWMASS VILLAGE, COLORADO;**
4. REAL PROPERTY LOCATED AT 254 WREN COURT, #204, BASALT, COLORADO;
5. REAL PROPERTY AND ALL APPURTENANCES, ATTACHMENTS, AND FURNISHINGS THERETO LOCATED AT 6997 TREMOLITE DRIVE, CASTLE ROCK, COLORADO;
6. REAL PROPERTY LOCATED AT 2208 ELK LANE, BASALT, COLORADO;
7. 2021 FORD BRONCO, VIN: 1FMEE5DP9MLA90163;
8. 2022 CHEVROLET CORVETTE STINGRAY CONVERTIBLE, VIN: 1G1YB3D47N5121476;
9. 2022 PORSCHE TAYCAN SEDAN, VIN: WPOAA2Y18NSA16701;
10. 2023 CADILLAC ESCALADE, VIN: 1GYS4FKL1PR523454;
11. CRYPTOCURRENCY HELD IN COINBASE ACCOUNT 594304c17d0b3d025a5ff785;
12. CRYPTOCURRENCY AND NFTS HELD IN ADDRESS 0xAD71a7c34de9C27224386DAf370Ad4BdE7f7575D;
13. CRYPTOCURRENCY AND NFTS HELD IN ADDRESS 0xbd08Bdea67fDB84dE8223513F70D9b9bE3C30580;
14. 2021 YAMAHA RAPTOR MODEL NUMBER YFM09RYXLW;
15. MISCELLANEOUS PAINTINGS LISTED IN ATTACHMENT A;
16. MISCELLANEOUS HERITAGE VINTAGE SPORT AUCTIONS ITEMS LISTED IN ATTACHMENT B;
17. APPROXIMATELY $242,962.96 IN FUNDS FROM ALPINE BANK ACCOUNT 8911911837; and
18. APPROXIMATELY $24,384.41 IN FUNDS FROM ALPINE BANK ACCOUNT 8911911951.

Defendants.

## STIPULATED EXPEDITED SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED by and between Selene Finance LP ("Selene"), through counsel C. Celeste Creswell, Esq., and the United States of America, (herein "United States") by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Tonya Andrews, to compromise and settle Selene's interest in the following real property:

35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado 81615, more fully described as:
> CONDOMINIUM UNIT 17-AB, BUILDING 17, THE INNS OF COURT CONDOMINIUM NUMBER 17-18, ACCORDING TO THE CONDOMINIUM MAP THEREOF RECORDED AUGUST 22, 1972 IN PLAT BOOK 4 AT PAGE 278 AND ACCORDING TO THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP RECORDED AUGUST 4, 1972 IN BOOK 265 AT PAGE 635 AND RE-RECORDED AUGUST 17, 1972 IN BOOK 266 AT PAGE 5 AND ACCORDING TO THE CONDOMINIUM DECLARATION FOR INNS OF COURT CONDOMINIUM NUMBER 17-18 RECORDED AUGUST 22, 1972 IN BOOK 266 AT PAGE 139, COUNTY OF PITKIN, STATE OF COLORADO.

This Stipulated Expedited Settlement Agreement is entered into between the parties pursuant to the following terms:

1. The parties hereby stipulate that Selene has an interest or was a bonafide purchaser for value of the lien right, title, or interest in the above-described real property, and that any violations of Title 18 U.S.C. Section 1343, Title 18 U.S.C. Section 1956, and Title 18 U.S.C. Section 1957, occurred without the knowledge and consent of Selene.

2. The parties agree that upon entry of a Final Order of Forfeiture, the United States of will market and sell the subject real property and solely from the proceeds of the sale of the property, to the extent that there are sufficient proceeds, after the deduction of reasonable government costs and expenses related to seizure, maintenance, custody, and disposal, it will pay Selene the following:

    a. The unpaid principal balance due on the loan serviced by Selene related to the property located at 35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado 81615, which is $858,087.09;

    b. All interest accrued through the date of any sale, which is currently $62,483.19 as of October 31, 2024; and

    c. Its costs, which are due and payable under the loan instruments related to the Property, including Selene's actual attorneys' fees incurred in this matter in an amount not to exceed $10,000, which amount shall be provided to the United States by Selene's counsel when the matter closes.

3. The payments to Selene shall be in full settlement and satisfaction of any and all claims by Selene with respect to the subject real property,

relating to the seizure of the property by the United States, and of all claims resulting from the incidents or circumstances giving rise to this lawsuit.

4. Selene acknowledges by entering this Expedited Settlement Agreement that the United States promptly recognized its interest in the subject real property and by so doing did not cause it to incur additional costs or fees beyond those set forth in Paragraph 2 of this Expedited Settlement Agreement.

5. Upon payment, Selene agrees to record its Release of Deed of Trust and to release and hold harmless the United States, and any agents, servants, and employees of the United States acting in their individual or official capacities, from any and all claims by Selene and its agents which currently exist or which may arise as a result of the United States' action against the property.

6. As a part of settlement, Selene agrees not to pursue any foreclosure actions under the Deed of Trust while this action is pending.

7. Selene understands and agrees that by entering into this settlement of its interest in the subject real property, it waives any right to further litigate its interest in the property and to petition for remission or mitigation of the forfeiture, and unless specifically directed by an order of the Court, Selene shall be excused and relieved from further participation in this action.

8. As a part of settlement, Selene agrees not to pursue any foreclosure actions under the Deed of Trust while this action is pending.

9. Selene understands and agrees that by entering into this settlement of its interest in the subject real property, it waives any right to further litigate its interest in the property and to petition for remission or mitigation of the forfeiture, and unless specifically directed by an order of the Court, Selene shall be excused and relieved from further participation in this action.

10. Selene understands and agrees that the United States reserves the right to void this Settlement Agreement and terminate the forfeiture action at any time for legal or economic reasons.

11. The parties agree to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to further implement the terms of this settlement. Each party agrees to bear its own costs and attorney's fees, except as provided herein.

12. The terms of this Expedited Settlement Agreement are contingent upon forfeiture of the subject real property and the Court's entry of a Final Order of Forfeiture.

13. In the event it appears the subject real property cannot be sold by the United States for an amount sufficient to cover the amounts owing to Selene as outlined above, the parties will consult to determine the best course of action which may include dismissal of this action against the property or conveying the property to Selene free and clear of any encumbrances by the United States in relation to this action.

14. Selene agrees to the filing of the Final Order of Forfeiture by the United States at the appropriate time.

MATTHEW T. KIRSCH
Acting United States Attorney

Date: 11/25/2024

*Tonya Andrews*
Tonya Andrews
Assistant United States Attorney
1801 California Street, Ste. 1600
Denver, Colorado 80202
(303) 454-0100
*Counsel for the United States*

Date: 12/4/2024

C. Celeste Creswell, Esq.
Kabat Chapman & Ozmer LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Telephone: 404.400.7300
*Attorney for Selene Finance LP*