IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00583-DDD-STV

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     REAL PROPERTY LOCATED AT 760 WEST BEAVER CREEK BOULEVARD, APT 111, AVON, COLORADO; et al.

        Defendants.

---

**UNITED STATES' RESPONSE TO CLAIMANT LYBOLT'S REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE VARHOLAK'S RULING ON MOTION FOR INTERLOCUTORY SALES**

---

The Government's hereby responds to Claimant Lybolt's Request for Reconsideration by the District Court of Magistrate Varholak's Ruling on Motion for Interlocutory Sales [Docs. #53 and #54]. (ECF No. 64).

    **I.**    **BACKGROUND**

        **A. Magistrate Judge Varholak's Recommendations**

On September 4, 2025, Magistrate Judge Varholak recommended that the government's Motions for Interlocutory Sale of Defendant Real Property 35 Lower Woodbridge Road, P#157, Snowmass Village, Colorado, and Defendant Real Property 35 Upper Woodbridge Road, #17AB, Snowmass Village, Colorado be granted. (ECF No. 63). In his Recommendation, Magistrate Judge Varholak noted that the Court has discretionary authority to enter an interlocutory sale when one of the conditions under Fed. R. Civ. P., Supp. Adm. R. G(7)(b)(i) is met.

The Court found that there was no dispute that the mortgages for the two properties were in default; thus, meeting condition (C) under Rule G(7)(b)(i). The Court also considered and

1

rejected Claimant Lybolt's many objections. In particular, the Court found (1) the government was not required to show depreciation under the Rule, (2) potential appreciation while not paying the mortgages is not a basis to defeat the government's motion, and (3) the interlocutory sales would not violate the stay imposed in the action.[1]

### B. Claimant Lybolt's Objections

In his request for reconsideration, Claimant Lybolt requests the District Court ignore the default status of the mortgages and give "more weight to the fact that [the lienholder] has already agreed to wait for resolution of the forfeiture action before foreclosing on the properties in question." (ECF No. 64, p. 6). He further asserts that Magistrate Judge Varholak improperly relied on the unpaid assessments and condominium association fees and requests this Court find that they are not a proper basis for the interlocutory sales. *Id*. Finally, in a single closing sentence, he asks the Court to place substantial weight on the fact that the interlocutory sales "could deprive him of the benefit of the subject properties' continuing appreciation." *Id*.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." To properly object, a party must: (1) file the objection within fourteen days of the magistrate judge's recommendation, and (2) object with enough specificity "to enable the 'district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *In re Munoz*, 592 B.R. 736, 738 (D. Colo. 2018) (quoting *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

## III. LEGAL ARGUMENT

---

[1] Claimant Lybolt does not request reconsideration of this factor.

As Magistrate Judge Varholak explained, pursuant to Rule G(7)(b)(i) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Action, the Court may order all or part of a property seized for forfeiture sold if:

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
> (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
> (D) the court finds other good cause.  Fed. R. Civ. P., Suppl. Adm. R. G(7)(b)(i).

The Court has significant discretion in determining whether such an order is appropriate. And, as Magistrate Judge Varholak noted, only one of the four factors need to be present for a motion for an interlocutory sale to succeed. *United States v. Any & All Funds in UBS Ag, Acct. No. XXXX1138*, 628 F. App'x 296, 297 (5th Cir. 2016) (finding when one of these conditions is met, a district court has discretionary authority to order an interlocutory sale.)

### A.  The record properly establishes that the mortgages were in default

There is no dispute that the mortgages are in default.  Now, Claimant Lybolt urges the Court to ignore the default status of these mortgages merely because the Government has entered into settlement agreements with the lienholders.  Claimant's objection completely ignores Rule G(7)(b)(i)(C).

Claimant relies on one term in the settlement agreements that prevent the lienholders from foreclosing during the forfeiture case.  Nonetheless, the settlement agreements do not change the fact that Claimant Lybolt is not paying the mortgages, they are in default, and interests and fees are continuing to accrue.  Based on this one factor alone, the Court can order an interlocutory sale. *See* Fed. R. Civ. P., Suppl. Adm. R. G(7)(b)(i)(C).

3

Moreover, the settlement agreements are contracts between the government and the lienholders to minimize ancillary litigation during the forfeiture case. Claimant Lybolt is clearly not a party to these agreements. They are also subject to amendment because the financial status of the properties may change during the course of the litigation. By way of example, the government is agreeing to permit the lienholder of defendant real property 254 Wren Court, #204, Basalt, Colorado to proceed with foreclosure based on the amount of equity involved and costs of the continued litigation.

And these settlement agreements do not "create a right" for Claimant Lybolt to ignore his financial obligations. They also do not prevent an interlocutory sale or a future amendment to permit foreclosure. Claimant Lybolt's objection is his attempt to continue to avoid all financial consequences based on his failure to pay the mortgages. Because the mortgages are in default, there is a sufficient factual and legal basis to enter Orders for Interlocutory Sales under Rule G(7)(b)(i)(C).

**B. Speculation of future appreciation is not a basis to deny relief**

Magistrate Judge Varholak's recommendation also properly dismissed Claimant Lybolt's concern over the loss of some speculative appreciation. Claimant Lybolt does not cite any caselaw or statutory support for such an argument in his objections. And as Magistrate Judge Varholak stated, "no homeowner outside of foreclosure proceedings could refuse to make mortgage and homeowner's association payments, yet still reap the benefits of increased housing prices." This argument clearly highlights Claimant Lybolt's attempt to use this forfeiture case to avoid making mortgage payments while simultaneously avoiding foreclosure. Accordingly, it should be summarily dismissed.

### C. The Magistrate Judge's observations that others were being harmed by Claimant Lybolt's failure to fulfill his financial obligations was not improper and is a consideration permissible under Rule G(7)(b)(i)(D)

Claimant Lybolt's primary objection appears to be the Court's comments related to unpaid assessments and condominium association fees. Claimant Lybolt asserts this was an improper consideration under Rule G(7)(b)(i). However, Magistrate Judge Varholak was clear that the basis of his recommendation was the failure to pay the mortgagors under Rule G(7)(b)(i)(C). The Court's notation of harm born by others does not change that fact.

Moreover, while the Rule does not explicitly have a provision addressing nonpayment of assessments and condominium association fees, it does have a catch-all provision in Rule G(7)(b)(i)(D). Under Rule G(7)(b)(i)(D), the Court may consider any other facts or factors establishing "good cause" to order the interlocutory sale. In addition, 18 U.S.C. § 981(g)(6) also allows the Court to enter orders to address the harm to others. Under § 981(g)(6), "the court shall enter any order necessary to preserve the value of the property or to protect the rights of lienholders *or other persons with an interest in the property* while the stay [of the proceedings] is in effect." (emphasis added). This statutory provision clearly shows the importance of preserving the value of the property and protecting the rights of all others who have an interest in the property. In sum, although Magistrate Judge Varholak did not base his recommendation on Rule G(7)(b)(i)(D), the District Court can consider Claimant Lybolt's failure to pay others under the "good cause" prong.

### IV. CONCLUSION

Magistrate Judge Varholak's Recommendation properly considered and set forth the basis for the entry of Interlocutory Sales for the subject real properties. As set forth above, Claimant Lybolt's Request for Reconsideration does not set forth any factors warranting the denial of the

5

Government's Motions for Interlocutory Sales. Accordingly, the Government respectfully requests the Court fully accept the recommendation of Magistrate Judge Varholak.

DATED this October 2, 2025.

                                                Respectfully submitted,

                                                PETER MCNEILLY
                                                United States Attorney

By:  *s/ Tonya Andrews*
       Tonya Andrews
       Assistant U.S. Attorney
       U.S. Attorney's Office
       1801 California St., Ste 1600
       Denver, Colorado 80202
       Telephone: (303) 454-0100
       E-mail: tonya.andrews@usdoj.gov
       *Attorney for the United States*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all parties of record.

                                                *s/ Charisha Cruz*
                                                Paralegal Specialist
                                                Office of the U.S. Attorney